# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KATHLEEN MARY KAPLAN, <br> Appellant, | DOCKET NUMBER <br> DC-0752-14-0708-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, <br> Agency. | DATE: December 29, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kathleen Mary Kaplan, Arlington, Virginia, pro se.

Michael P. Thiefels, Joint Base Andrews, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant is a current agency employee who filed an appeal of the agency's decision to remove her designation to attend the Civilian Developmental Education (CDE) RAND Fellowship program. Initial Appeal file (IAF), Tab 1 at 1, 5, 14. The appellant alleged, in pertinent part, that the agency took a personnel action against her in violation of 5 U.S.C. § 2302(b)(9)(A) by removing her "from all CDE for all time and forevermore," in retaliation for her submission of pleadings to the U.S. District Court for the Eastern District of Virginia and the U.S. Court of Federal Claims. *Id*. at 4-5.

¶3    The agency filed a motion to dismiss the appeal for lack of jurisdiction, asserting that the agency's decision to cancel the appellant's previously granted RAND fellowship was not reviewable by the Board.[2] IAF, Tab 4 at 7. The appellant opposed the agency's motion arguing that the Board had jurisdiction over her appeal because the agency removed her from the RAND fellowship

---

[2] The agency also argued that the Board had no jurisdiction over the appellant's allegations of whistleblower retaliation and retaliation for equal employment opportunity activity; however, the appellant denied making these allegations. IAF, Tab 4 at 7-8, Tab 5 at 4-6.

position, which she alleged was appealable as an adverse action and as a suitability action under 5 C.F.R. § 1201.3(1) and (9). IAF, Tab 5 at 11-12. The appellant also reiterated her argument that the agency took a personnel action against her by removing her from the CDE program in retaliation for her protected activity under 5 U.S.C. § 2302(b)(9)(A). IAF, Tab 5 at 6.

¶4     Without holding the hearing requested by the appellant, the administrative judge dismissed the appeal based upon her finding that the appellant failed to make a nonfrivolous allegation of jurisdiction over her appeal. IAF, Tab 9, Initial Decision (ID) at 7. The administrative judge found that the record clearly showed that the agency did not terminate the appellant's employment or remove her from her position as a Principal Computer Scientist and that the agency terminated an educational opportunity for the appellant, which is not an action within the Board's jurisdiction. ID at 5. The administrative judge also considered and rejected the appellant's allegation that the agency's action, in rendering her "permanently ineligible for any future Resident Education," constituted an appealable "suitability action" under 5 C.F.R. § 1201.3(9). ID at 6; IAF, Tab 1. The administrative judge found that there was no negative suitability determination to appeal because neither the agency nor OPM took any action that canceled her eligibility for a particular position, removed her, canceled her reinstatement, or debarred her from a federal position. ID at 6.

¶5     The administrative judge also found that, if the appellant were attempting to file an individual right of action (IRA) appeal alleging that the agency's action was in retaliation for her protected activity, she must first seek corrective action from the Office of Special Counsel (OSC) and exhaust her administrative remedies before she could file an IRA appeal with the Board. ID at 6. Finally, the administrative judge found that the Board had no jurisdiction to consider the appellant's claims under 5 U.S.C. § 7701(c)(2) alleging that the agency committed harmful error in deciding to remove the appellant from CDE, or based its decision on a prohibited personnel practice described in 5 U.S.C. § 2302(b), or

whether the decision was not in accordance with the law. ID at 6. The appellant has filed a petition for review, and the agency has responded in opposition to her petition. Petition for Review (PFR) File, Tabs 2, 4. The appellant has replied to the agency's response.[3] PFR File, Tab 5.

¶6        The appellant has the burden of proof on the issue of jurisdiction. *See* 5 C.F.R. § 1201.56(a)(2)(i). Where an appellant makes a nonfrivolous allegation that the Board has jurisdiction over an appeal, the appellant is entitled to a hearing on the jurisdictional question. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Nonfrivolous allegations of Board jurisdiction are allegations of fact, which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *See id.* To meet the nonfrivolous standard, an appellant need only plead allegations of fact that, if proven, could show jurisdiction, though mere pro forma allegations are insufficient to satisfy the nonfrivolous standard. *Id.* In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, an administrative judge may consider an agency's documentary submissions. *Id.* But, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Id.*

¶7        The appellant's primary argument on review is that the administrative judge made a material and erroneous finding of fact that the agency terminated "an

---

[3] After the record closed on review, the appellant filed a motion to submit additional evidence, which she describes as a September 18, 2014 letter from the Disciplinary Counsel of the Supreme Court of Ohio ordering an agency attorney to withdraw from representing the agency in the appellant's Board appeal due to a conflict of interest. *See* PFR File, Tab 7 at 2; *see also* 5 C.F.R. § 1201.114(a)(5). Because the appellant has not shown that the September 18, 2014 letter is material to the jurisdictional issue before the Board on review, we deny her request to submit this additional evidence. *See* 5 C.F.R. §§ 1201.114(k), 1201.115(d).

'educational opportunity' and not a 'particular position,'" which she argues resulted in the erroneous legal conclusion that the Board has no jurisdiction to review the agency's action. PFR File, Tab 2 at 9, 13 n.6. The appellant also reasserts her allegation that the Board has jurisdiction over the agency's removal of her designation to attend the CDE RAND Fellowship position and all future CDE opportunities as a "determination of non-suitability." PFR File, Tab 2 at 7-13; IAF, Tab 5 at 11-12. However, we find that she has failed to demonstrate any material error in the administrative judge's findings.

¶8      The Board has jurisdiction over appeals of adverse actions, which include removals or terminations of employment after completion of probationary or other initial service period, involuntary resignations or retirements, reductions in grade or pay, suspensions for more than 14 days, or furloughs for 30 days or less for cause that will promote the efficiency of the service. *See* 5 U.S.C. §§ 7511-7514; 5 C.F.R. §§ 752.401, 1201.3(a)(1). It is undisputed that the agency effectively removed the appellant from the RAND Fellowship position, which is one of the educational programs offered for civilians by the agency. PFR File, Tab 4 at 5; IAF, Tab 1 at 14, Tab 4 at 15-16. It is also undisputed that the agency did not remove the appellant from her Principal Computer Scientist position or terminate her employment. *See* ID at 5. We therefore find that the appellant has not alleged facts, which if proven, include an adverse action within the Board's jurisdiction. *See* 5 U.S.C. §§ 7511-7514; 5 C.F.R. §§ 752.401, 1201.3(a)(1).

¶9      Nor has the appellant alleged facts that could support a finding jurisdiction over the agency's action as a negative suitability determination. A "[s]uitability determination means a decision by [the Office of Personnel Management] or an agency with delegated authority that a person is suitable or is not suitable for employment in covered positions in the Federal Government or a specific Federal agency," based on the specific factors set forth in 5 C.F.R. § 731.202(b). *See* 5 C.F.R. § 731.101. A "[c]overed position means a position in the competitive

service, a position in the excepted service where the incumbent can be noncompetitively converted to the competitive service, and a career appointment to a position in the Senior Executive Service." 5 C.F.R. § 731.101. We find that the appellant's allegation that the agency removed her from the RAND Fellowship position and deemed her permanently ineligible for all future CDE programs, even if proven, does not establish jurisdiction over her appeal as a negative suitability determination or an appealable adverse action. IAF, Tab 1 at 7, Tab 4 at 18.

¶10    We note that, for the first time on review, the appellant submits an internal agency memorandum dated August 11, 2011, showing that "outplacement from centralized [CDE]" was exempt from the implementation of a hiring freeze because of its funding source. *Id*. at 20, 22. The appellant argues that this memorandum constitutes new and material proof that the agency's decision to remove her RAND Fellowship position and all CDE is within the Board's jurisdiction. *Id*. at 8-13, 19. However, to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). The appellant has not made that showing here. Moreover, even considering this evidence, we find no basis for finding that the appellant made a nonfrivolous allegation of jurisdiction over her appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶11    On review, the appellant also challenges the merits of the agency's decision to cancel her fellowship, arguing that the agency violated the prohibition against "double jeopardy" by punishing her twice for the same offense. PFR File, Tab 2 at 16-18. In addition, she reasserts the affirmative defenses she raised on appeal below alleging that the agency's action was not in accordance with law, based on

a prohibited personnel practice described in 5 U.S.C. § 2302(b)(9)(A), and constituted harmful error. PFR File, Tab 2 at 17; IAF, Tab 5 at 5, 14; *see* 5 U.S.C. § 7701(c)(2). Because the appellant has not shown that the underlying action is within the Board's jurisdiction, the Board has no authority to consider the appellant's remaining arguments concerning the merits of the agency's action or her alleged affirmative defenses.[4] PFR File, Tab 2 at 17; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction). We therefore deny the petition for review.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

---

[4] In her petition for review, the appellant does not dispute the administrative judge's finding that the Board does not have jurisdiction over the alleged claims as an IRA appeal. *See* ID at 6.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.